■ In the Matter of FRED STARK, Proposed Conservatee. RITA STARK, as Executor of FRED STARK, Deceased, Appellant; BERNARD MIROTZNIK, Respondent.—In a proceeding pursuant to Mental Hygiene Law article 77 for the appointment of a conservator of the property of Fred Stark, Rita Stark, executrix of the estate of Fred Stark, appeals from an order of the Supreme Court, Queens County (Kassoff, J.), entered November 15, 1989, which fixed the fees of the proposed conservatee's guardian ad litem at $31,745, and ordered the payment thereof out of the assets of the estate of Fred Stark.

Ordered, that the order is modified by deleting from the second line of the decretal paragraph thereof the sum

"$31,745"; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing and new determination with respect to the reasonable amount of compensation to be paid to the guardian ad litem.

We note at the outset that the determination to grant the motion of the guardian ad litem for an award of a fee for his services and to deny the cross motion of the executrix of the estate of the now-deceased proposed conservatee to transfer the motion seeking a fee to the Surrogate's Court were made by order of the Supreme Court dated May 15, 1989, which also directed that the fee be paid out of the proposed conservatee's estate. That order was not appealed from and is not subject to challenge on this appeal. The sole issue presented on this appeal is whether the court properly fixed the amount of the fee. It is not whether the guardian's fee should be paid out of the proposed conservatee's estate or whether the application for the award of a fee should have been transferred to the Surrogate's Court for determination. In any event, there is no merit to the contention of the executrix that the court erred by not transferring the instant proceeding to the Surrogate's Court upon her father's death, which occurred prior to the completion of the conservatorship proceeding. Mental Hygiene Law § 77.07 (d) expressly provides that when the proposed conservatee dies prior to the determination of the conservatorship proceeding, the court may award a reasonable allowance to the guardian ad litem appointed to represent the proposed conservatee. Since this proceeding was commenced in the Supreme Court *(see,* Mental Hygiene Law § 77.01 [1]; § 77.05) the Supreme Court possessed the discretion to fix the amount of the fee payable to the guardian ad litem and was not obligated to transfer the matter to the Surrogate's Court for determination.

A guardian ad litem in a conservatorship proceeding is entitled to a reasonable fee based upon the following factors: (1) the time and labor required, the difficulty of the questions involved and the skill required to handle the problems presented, (2) the guardian's experience, ability and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the guardian's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved *(see, Matter of Karp,* 145 AD2d 208; *Matter of Becan,* 26 AD2d 44; *Matter of Potts,* 213 App Div 59, *affd* 241 NY 593). The burden rests upon the guardian ad litem to establish the

necessity for and the reasonable value of his services. In this case the degree of difficulty involved, the skill necessary to handle the case, the specifics of the guardian's expenditure of time and labor, his experience, skill and reputation, the customary fee for similar services, and the benefit to the ward from his services, were the subject of contest. Under the circumstances, the court should have held a hearing before determining the amount of the fee. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.