◼ In the Matter of Susan P., Also Known as Susan Von O., Appellant. Marvin Arnold P., Respondent. Roy J. Schwartz, Nonparty Respondent. [663 NYS2d 115] —In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the personal needs and property management of Marvin Arnold P., the petitioner appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Rossetti, J.), dated September 17, 1996, as, upon dismissing the petition, fixed the fee of the court evaluator at $5,000, and directed the petitioner to immediately pay one half of the fee, and (2) a judgment of the same court, entered December 4, 1996, which is in favor of the court evaluator and against her in the principal sum of $2,500.

Ordered that the appeal from so much of the order as directed the petitioner to pay $2,500 to the court evaluator is dismissed; and it is further,

Ordered that the appeal from the order is otherwise dismissed as academic; and it is further,

Ordered that the judgment is reversed, on the law, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in accordance herewith; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from so much of the intermediate order as

directed the petitioner to pay $2,500 of the court evaluator's fee must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In this case the Supreme Court ordered the alleged incapacitated person (hereinafter AIP) to pay one-half of the fee for services the court evaluator rendered in connection with this Mental Hygiene Law article 81 proceeding (*see,* Mental Hygiene Law § 81.09 [f]), and directed the petitioner to pay the other half of that fee. We find that the court improvidently exercised its discretion by directing that the petitioner pay half of the fee. Under the circumstances of this case where (a) the petition was brought as a result of the lack of cooperation by the AIP and his conduct in a pending matrimonial action, and (b) the petitioner was forced to bring the petition because the AIP's guardian ad litem refused to do so, the AIP should have been required to pay the entire fee (*cf., Matter of Rocco,* 161 Misc 2d 760, 761).

While we agree with the petitioner that the court should have held a hearing to determine the amount of the fee awarded to the court evaluator, this contention is academic as to the petitioner in light of our determination. O'Brien, J. P., Santucci, Joy and Altman, JJ., concur.