■ INNOCENZO A. RICCIUTI, Plaintiff, v ANTHONY J. LOMBARDI et al., Defendants. WEIN, YOUNG, FENTON & KELSEY, P. C., Appellant. (And a Related Proceeding.) [682 NYS2d 264] —Mikoll, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered September 19, 1997 in Rensselaer County, which fixed the amount of counsel fees incurred by Wein, Young, Fenton & Kelsey, P. C. in two related matters.

On November 13, 1996, the 85-year-old plaintiff retained the law firm of Wein, Young, Fenton & Kelsey, P. C. (hereinafter the law firm) in connection with questionable financial transactions and activities of defendants, his nephews, under a power of attorney given to them by plaintiff in February 1995. The law firm promptly commenced an action on plaintiff's behalf to recover moneys and properties wrongfully appropriated by defendants in violation of their fiduciary duty to plaintiff, and obtained an order freezing their accounts and assets. Shortly thereafter, defendants commenced a proceeding pursuant to Mental Hygiene Law article 81 seeking to have themselves appointed guardian of plaintiff's person and property, and the law firm represented plaintiff in this proceeding as well. Both matters were settled several months later by stipulations which, *inter alia,* provided for plaintiff's recovery of the money and property appropriated by defendants and the appointment of a suitable guardian chosen by plaintiff and the law firm. Supreme Court presided over both matters and, according to the law firm, was instrumental in effecting their resolution.

Upon completion of the two matters, the law firm submitted an itemized bill for legal services to plaintiff's guardian, referencing the retainer agreement and calculating its requested fee of $30,128.75* based upon the $150 hourly rate set forth therein. Upon the law firm's application for an order fixing compensation, Supreme Court issued an order reciting that

---

* Actually, the law firm's total charge for legal services amounted to $32,453.75, from which it deducted plaintiff's payments of $2,325.

after reviewing the services performed and considering the results obtained, the law firm's compensation would be fixed in the amount of $7,500, together with $1,368 in costs and disbursements. This appeal by the law firm ensued.

As a preliminary matter, we acknowledge the law firm's laudable efforts on behalf of plaintiff and the favorable results obtained for him. We must reject, however, the law firm's contention that Supreme Court erred in refusing to fix counsel fees in accord with the "retainer agreement" executed by plaintiff in November 1996. This argument is anomalous in view of the fact that the law firm undertook to, and did, establish that plaintiff was incompetent long before that date. Nor is the fact that the guardian did not object to the fee determinative. It is well established that Supreme Court has inherent power to supervise the fees charged by attorneys, even in the absence of any party's objection thereto (*see, Matter of Stortecky v Mazzone*, 85 NY2d 518, 525). In Mental Hygiene Law article 81 matters, the court is required to fix the reasonable compensation of appointed counsel, and reductions of fee requests are not unprecedented (*see, Matter of Grace PP.*, 245 AD2d 824, n, *lv denied* 92 NY2d 807).

We have repeatedly recognized that " '[t]he determination of reasonable counsel fees is a matter within the sound discretion of the trial court and, absent abuse, that court's determination will be upheld' " (*Hinman v Jay's Vil. Chevrolet*, 239 AD2d 748; *Shrauger v Shrauger*, 146 AD2d 955, 956, *appeal dismissed* 74 NY2d 844; *see, Hovanec Bldrs. & Dev. Corp. v Hines*, 173 AD2d 951). The broad discretion enjoyed by Supreme Court in setting appropriate counsel fees is justified by its superior familiarity with the nature and complexity of the litigation, the time, effort and skill required for its resolution and the fees customarily charged for similar matters. Nonetheless, to permit intelligent review, a court must "provide a concise but clear explanation of its reasons for the fee award" (*Hensley v Eckerhart*, 461 US 424, 437; *see, Burke v Crosson*, 191 AD2d 998; *Becker v Empire of Am. Fed. Sav. Bank*, 177 AD2d 958; *Matter of Rahmey v Blum*, 95 AD2d 294).

We therefore withhold decision in this appeal and remit the matter to Supreme Court for a statement of its reasons for the fee award. Such determinations require review of the court's articulated bases therefor.

Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.