◼ In the Matter of Mavis L., an Incapacitated Person. James B., Respondent; Lori R. Somekh, Nonparty Appellant. [727 NYS2d 640] —In a proceeding pursuant to Mental Hygiene Law art 81, Lori R. Somekh appeals from so much of an order

of the Supreme Court, Queens County (Kassoff, J.), dated July 18, 2000, as authorized and directed James B., the guardian for the incapacitated person, to pay her an attorney's fee in the amount of only $2,000, inclusive of all disbursements.

Ordered that the order is modified by deleting so much of the third decretal paragraph thereof as authorized and directed the guardian to pay the appellant an attorney's fee in the amount of $2,000, inclusive of all disbursements, and substituting therefor a provision authorizing and directing the guardian to pay her an attorney's fee in the amount of $12,500, plus $409 for disbursements; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding (see, Ricciuti v Lombardi, 256 AD2d 892). However, it must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved (see, Matter of Freeman, 34 NY2d 1; Ricciuti v Lombardi, supra; Matter of Stark, 174 AD2d 746).

Here, the only explanation contained in the order awarding an attorney's fee is a statement that the court "considered [the] small amount of money in the estate." The record demonstrates that a proper analysis of the above-mentioned required factors would have resulted in a higher award. Absent the appellant's experienced service, the estate would have been minimal. Further, the results obtained by the appellant were remarkable considering the circumstances. Accordingly, we modify the order to increase the amount of the award. Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.