■ In the Matter of TIJUANA M. CHRISTINE PAULING, Respondent; STEVEN T. RONDOS, Appellant. [756 NYS2d 796] —In a proceeding pursuant to Mental Hygiene Law article 81, Steven T. Rondos appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated March 21, 2002, as authorized Christine Pauling, the guardian for the incapacitated person, to pay him an attorney's fee in the amount of only $1,000.

The Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding (*see Matter of Mavis L.,* 285 AD2d 509 [2001]; *Ricciuti v Lombardi,* 256 AD2d 892 [1998]). However, it must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved (*see Matter of Mavis L., supra; Matter of Freeman,* 34 NY2d 1 [1974]; *Ricciuti v Lombardi, supra; Matter of Stark,* 174 AD2d 746 [1991]).

Here, the Supreme Court's order failed to provide any explanation in its award of an attorney's fee. In addition, a proper analysis of the above-mentioned factors, including the time and labor required in handling this proceeding, would have resulted in a higher award. Accordingly, we modify the order as indicated to increase the amount of the award (*see, Matter of Mavis L., supra*). Florio, J.P., S. Miller, Friedmann, Townes and Mastro, JJ., concur.