■ In the Matter of LINDA R. SUSAN ROSENFELD, Petitioner. ALAN D. SHAFTER, Nonparty Appellant; MARSHA ROCK, Nonparty Respondent. [757 NYS2d 862] —In a proceeding to settle the final account of the guardian of an incapacitated person, Alan D. Shafter appeals (1) from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), entered February 14, 2002, as awarded him an attorney's fee in the sum of only

$7,125, inclusive of all disbursements, and (2), as limited by his brief, from so much of an order of the same court, dated July 19, 2002, as, upon reargument, modified the order entered February 14, 2002, by awarding him an attorney's fee in the sum of only $16,250, inclusive of all disbursements.

Ordered that the appeal from the order entered February 14, 2002, is dismissed, without costs or disbursements, as that order was superseded by the order dated July 19, 2002, made upon reargument; and it is further,

Ordered that the order dated July 19, 2002, is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that the "Supreme Court has inherent power to supervise the fees attorneys charge for legal services" (*Matter of Stortecky v Mazzone,* 85 NY2d 518, 525 [1995]; *see Matter of McCormick,* 220 AD2d 506 [1995]). When an attorney renders services for the benefit of the incapacitated person, the Supreme Court must determine whether the fee requested is necessary, fair, and reasonable (*see Matter of Castano,* 248 AD2d 382 [1998]; *Matter of McCormick, supra*). The factors to be considered in determining the reasonableness of the attorney's fee include: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount of money involved and the benefit flowing to the ward as a result of the attorney's services, (4) fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved (*see Matter of Freeman,* 34 NY2d 1 [1974]; *Matter of Mavis L.,* 285 AD2d 509 [2001]; *Matter of Stark,* 174 AD2d 746 [1991]). Under the circumstances, the attorney's fee awarded to the appellant upon reargument was reasonable. Florio, J.P., H. Miller, Adams and Mastro, JJ., concur.