Matter of Bloom (2004 NY Slip Op 50014(U))

[*1]

Matter of Bloom

2004 NY Slip Op 50014(U)

Decided on January 14, 2004

Supreme Court, Suffolk County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 14, 2004

Supreme Court, Suffolk County
In the Matter of the Application of JOAN BLOOM Petitioner, Pursuant to Article 81 of the Mental Health Law for the Appointment of a Guardian of the Person and Property of JUNE W. SPEAR, an Alleged Incapacitated Person.
INDEX NO. 9524/03

EPSTEIN BECKER and GREEN, P.C.
Attorneys for petitioner
250 Park Avenue
New York, New York 10177
PETER J. COSTIGAN, ESQ.
Attorney for June W. Spear
310 Hallock Avenue
Port Jefferson, New York 11776
STEVEN W. SCHLISSEL, ESQ.
Court Evaluator
Schlissel, Ostrow, Karabatos, Poepplein, Cender &
Fisher, PLLC
200 Garden City Plaza
Suite 301
Garden City, New York 11530

HOWARD BERLER, J.
This matter was before the Court upon the petitioner's application seeking the appointment of a Guardian for her mother June W. Spear. Ms. Spear opposed the application. Conferences were held on several occasions. Ultimately, pursuant to the parties stipulation, and with the Court's approval, the petition was withdrawn on December 1, 2003. Left for the Court's resolution was the question of whether June W. Spear would be responsible for payment of the petitioner's counsel fees and the compensation of the Court Evaluator. There is no dispute that June W. Spear shall be responsible for the payment of her own attorney's fee.
[*2]
In resolving this question it is essential to note that this proceeding was brought in good faith and with reasonable justification, and its resolution resulted in a substantial benefit to the welfare of June W. Spear. A prior Mental Hygiene Law article 81 proceeding had been brought by June W. Spear as a self-petitioner to aid her in returning home from an assisted living facility. The current petitioner, Joan Bloom, who is the daughter of June W. Spear, cross-petitioned on that occasion seeking the appointment of a Guardian for personal needs and property management to continue for an indefinite duration. That matter was eventually settled, with the Court's "so ordered" endorsement, upon the current petitioner's agreement to accept the terms of a care plan acceptable to June W. Spear. The second proceeding was prompted by the alleged failure of June W. Spear to abide by the terms of the settlement stipulation and the resurfacing of combative and aggressive behavior on her part, and her failure to take medication and attend scheduled appointments with a physician.
June W. Spear is a person in need of assistance. Here, that has been provided through the retention of the services of a professional care manager to oversee her well-being to ensure that she, either on her own, or with help, successfully accomplishes the activities of daily living. Although no hearing has been held to establish all the allegations in the petition, or that June W. Spear is an incapacitated person within the meaning of Mental Hygiene Law § 81.02(b), there is no substantial question that Joan Bloom had good cause for commencing this proceeding. Subsequent to the filing of the petition, which seems clearly to have had a catalytic effect, June W. Spear's living conditions and circumstances have improved considerably. It was at the insistence of the petitioner and with the concurrence of the Court Evaluator and the Court, that the professional care manager was retained to assist June W. Spear following the commencement of this second proceeding. Her medical and psychological conditions have improved while this matter has been pending. As part of the December 1, 2003 agreement finally resolving this proceeding, June W. Spear agreed to accept the services of the professional care manager to assist her, with the petitioner paying for such service.
June W. Spear asserts that she should not be required to pay the compensation of the petitioner's attorney or the Court Evaluator. The Court does not agree.
Mental Hygiene Law § 81.09(f) provides, in part: "When a judgment denies or dismisses a petition, the Court may award a reasonable allowance to a court evaluator . . . payable by the petitioner or by the person alleged to be incapacitated, or both in such proportions as the court may deem just." Mental Hygiene Law § 81.16(f) directs: "When a petition is granted, or where the court otherwise deems it appropriate, the court may award reasonable compensation for the attorney for the petitioner . . . ." Thus, awards of compensation to the Court Evaluator and counsel from the petitioner can be directed to be paid from the funds of the incapacitated person even if the petition seeking the appointment of a Guardian is not granted (see, Matter of Susan P., 243 AD2d 568, 663 NYS2d 115 [2d Dept 1997]; cf., Matter of Petty, 256 AD2d 281, 682 NYS2d 183 [1st Dept 1998]; Matter of Rocco, 161 Misc2d 760, 615 NYS2d 260 [Sup Ct, Suffolk County 1994]).
In Matter of Chachkers (159 Misc2d 912, 606 NYS2d 959 [Sup Ct, NY County 1993]), in [*3]which the Court permitted the discontinuance of a Mental Hygiene Law article 81 proceeding, the Court stated the following:

Under the law the petitioner's attorney's fees may be borne by the AIP if the court "deems it appropriate." The court will not impose petitioner's counsel's fees on the AIP here. The proceeding was brought in good faith but, under the circumstances, that alone is not sufficient to shift the burden of paying for this proceeding to the AIP. There should be some special circumstance to warrant the fee shifting in any case where the matter is discontinued or dismissed. There are none here. The hospital which commenced the proceeding should bear its own counsel fees.
The extent to which "special circumstances" are necessary to warrant a direction that the alleged incapacitated person pay the compensation of counsel for the petitioner and of the Court Evaluator is not established by appellate authority. Nevertheless, even assuming that such special circumstances are necessary to support such an award, the Court concludes that the circumstances in this case warrant such a direction. Here there seems to be no question that the petition was brought in good faith. Moreover, absent the petitioner's insistence that June W. Spear accept the assistance of a professional care manager there is no reason to believe that June W. Spear would have made the arrangements to have such assistance and avoid the necessity of a guardianship. Moreover, the circumstances suggest that had the petitioner not commenced this guardianship proceeding, June W. Spear would not have agreed to accept the assistance of the professional care manager. Significantly, this assistance is now available only because the petitioner has agreed to pay for it. Under these circumstances it is equitable that June W. Spear be required to pay the compensation of the attorney for the petitioner and for the Court Evaluator (see generally, Matter of Susan P., 243 AD2d 568, 663 NYS2d 115 [2d Dept 1997] ("where (a) the petition was brought as a result of the lack of cooperation by the AIP and his conduct in a pending matrimonial action, and (b) the petitioner was forced to bring the petition because the AIP's guardian ad litem refused to do so, the AIP should have been required to pay the entire fee")). The Court does not agree with the assertion of counsel for June W. Spear, set forth in his letter to the Court dated December 8, 2003, that the withdrawal of the petition "is convincing evidence of the lack of merit of the petition." To the contrary, the circumstances show that without the intervention of the petitioner, and the role played by this proceeding as an element of such intervention, June W. Spear would not enjoy the "active, involved life" she now enjoys to which her attorney has referred in his letter. 

The Court must now turn to the question of the appropriate amount of the awards to be made. In making the determination of the amount to be awarded the Court has considered:

(1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved.
[*4]
(See, Matter of Tijuana M. (Anonymous) (Pauling), 303 AD2d 681, 756 NYS2d 796 [2d Dept 2003]; Matter of Mavis L., 285 AD2d 509, 727 NYS2d 640 [2d Dept 2001]).
The Court notes particularly that while this matter never proceeded to a hearing it remained pending for a protracted period to allow the monitoring of June W. Spear's well-being. Thus, there were telephone conferences, personal appearances and communications among the highly reputable and accomplished counsel whose combined services have greatly assisted in a satisfactory outcome of this matter.
Taking these factors into account, the Court concludes that for his services, including the assistance he received from his from his associate, Joseph Anthony DeMarco, Esq., the Court Evaluator, Stephen W. Schlissel, Esq., is awarded a fee in the amount of $3,750.00.
Counsel for the petitioner is awarded a fee in the amount of $8,500.00, plus disbursements in the amount of $799.79. The Court has not charged June W. Spear for responsibility for paying for expenses for the petitioner's attorney's taxis, or for parking, mileage or tolls.
Counsel for June W. Spear has also submitted an affidavit of services. June W. Spear is required to pay her own attorney's fee (see, Matter of Petty, 256 AD2d 281, 682 NYS2d 183 [1st Dept 1998]; Matter of Rocco, 161 Misc2d 760, 615 NYS2d 260 [Sup Ct, Suffolk County, 1994]). Inasmuch as there has been no determination that June W. Spear is an incapacitated person, the Court will not determine the amount of the fee payable by her to her own attorney. That is a matter of contract between the attorney and the client.
Upon consideration of all the foregoing, it is
ORDERED that this matter is discontinued in accordance with the parties agreement on December 1, 2003, and it is further
ORDERED that counsel for the petitioner is awarded a fee in the amount of $8,500.00, plus disbursements in the amount of $799.79, payable by June W. Spear, and it is further
ORDERED that the Court Evaluator, Stephen W. Schlissel, Esq., is awarded a fee in the amount of $3,750.00, payable by June W. Spear, and it is further
ORDERED that the Court makes no directive with respect to the amount of the fee payable by June W. Spear to her own attorney.
This order may be entered as a judgment in accordance with CPLR 2222.
[*5]
Dated: January 14, 2004 HOWARD BERLER J. S. C.
Decision Date: January 14, 2004