■ In the Matter of Maylissa N. Juan N. et al., Respondents. Steven T. Rondos, Nonparty Appellant. [772 NYS2d 554]—

In a proceeding pursuant to Mental Hygiene Law article 81, Steven T. Rondos appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated January 22, 2003, as disallowed an attorney's fee for services he provided to the co-guardians.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is

remitted to the Supreme Court, Queens County, to determine the reasonable amount of an attorney's fee to be awarded to the appellant.

The Supreme Court erred in disallowing an attorney's fee to the appellant for, inter alia, the preparation and filing of the semi-annual account of the co-guardians, who are not attorneys or accountants (*see Matter of Helen C.*, 2 AD3d 729 [2003]; *Matter of Tijuana M.*, 303 AD2d 681 [2003]; *Matter of McCormick*, 220 AD2d 506 [1995]; *cf. Matter of Erlandsen*, 265 NY 155 [1934]). Accordingly, we remit the matter to the Supreme Court, Queens County, to determine the reasonable amount of an attorney's fee and to provide a clear and concise explanation of its reasons for the fee award (*see Matter of Mavis L.*, 285 AD2d 509 [2001]; *Ricciuti v Lombardi*, 256 AD2d 892 [1998]; *Matter of Stark*, 174 AD2d 746 [1991]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.