■ In the Matter of ELISE VERDEJO, a Person Alleged to be Incapacitated. STEVEN T. RONDOS, as Coguardian of ELISE VERDEJO, Appellant. [773 NYS2d 546]—

Order, Supreme Court, New York County (William Davis, J.), entered on or about November 6, 2002, which, to the extent appealed from as limited by the brief, denied the application of Steven T. Rondos, Esq., coguardian of the person and property of Elise Verdejo, for legal fees in connection with the preparation of the 2000 annual account of the estate of Elise Verdejo, an incapacitated person, unanimously reversed, on the law, without costs, to the extent of remanding the matter to Supreme Court for a statement of its reasons for the denial of the fee award.

Supreme Court has broad discretion in determining the reasonable amount of attorneys' fees to be awarded in a guardianship proceeding and, absent the abuse of that discretion, the court's determination will be upheld (*see Matter of Tijuana M.,* 303 AD2d 681 [2003]; *Matter of Mavis L.,* 285 AD2d 509 [2001]). Supreme Court must ascertain whether the fee requested is necessary, fair and reasonable (*see Matter of Linda R.,* 304 AD2d 832 [2003]; *Matter of Castano,* 248 AD2d 382 [1998]) and, in order to permit a proper appellate review, it must " 'provide a concise but clear explanation of its reasons for the fee award,' " or the lack thereof (*Ricciuti v Lombardi,* 256 AD2d 892, 893 [1998], quoting *Hensley v Eckerhart,* 461 US 424, 437 [1983]).

Supreme Court herein failed to delineate the grounds which formed the basis of its decision and, as a result, we remand the matter to Supreme Court for a statement of its reasons for the denial of the application for attorneys' fees. Concur—Buckley, P.J., Nardelli, Sullivan and Lerner, JJ.