In the Matter of MARTHA O.J., Also Known as MARTHA C.J. JEWISH ASSOCIATION FOR SERVICES FOR THE AGED, Petitioner. MILLER, CANFIELD, PADDOCK, AND STONE, PLLC, Nonparty Appellant. (Proceeding No. 1.) In the Matter of JACQUES L. SELFHELP COMMUNITY SERVICES, INC., Petitioner. MILLER, CANFIELD, PADDOCK, AND STONE, PLLC, Nonparty Appellant. (Proceeding No. 2.) In the Matter OF LORETTA H. NEW YORK FOUNDATION FOR SENIOR CITIZENS, Petitioner. MILLER, CANFIELD, PADDOCK, AND STONE, PLLC, Nonparty Appellant. (Proceeding No. 3.) In the Matter of NORA R. JEWISH ASSOCIATION FOR SERVICES FOR THE AGED, Petitioner. MILLER, CANFIELD, PADDOCK, AND STONE, PLLC, Nonparty Appellant. (Proceeding No. 4.) [804 NYS2d 387]—

In four guardianship proceedings pursuant to Mental Hygiene Law article 81, nonparty Miller, Canfield, Paddock, and Stone, PLLC, appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Queens County (Thomas, J.), dated April 8, 2004, as authorized and directed the Jewish Association for Services for the Aged to pay it an attorney's fee in the sum of only $2,886.91 in proceeding No. 1, (2) an order of the same court dated February 25, 2004, as authorized and directed Selfhelp Community Services, Inc., to pay it an attorney's fee in the sum of only $8,509.52 in proceeding No. 2, (3) a resettled order of the same court (Taylor, J.) dated January 27, 2004, as authorized and directed the New York Foundation for Senior Citizens to pay it an attorney's fee in the sum of only $11,410 in proceeding No. 3, and (4) an order of the same court (Thomas, J.), dated February 25, 2004, as authorized and directed the Jewish Association for Services for the Aged to pay it an attorney's fee in the sum of only $3,889.51 in proceeding No. 4.

Ordered that the matter is remitted to the Supreme Court,

Queens County, to set forth the factors considered and the reasons for its determinations with respect to the appellant's requests for attorney's fee awards, and the appeals are held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

The Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding (*see Matter of Mavis L.,* 285 AD2d 509 [2001]). However, the court must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved (*see Matter of Freeman,* 34 NY2d 1).

The Supreme Court, in each of the orders on appeal, failed to explain its reasoning for the attorney's fee awards with reference to those factors. In three of the matters, the court issued the same memorandum, changing only the caption and the amount of the attorney fee awarded. Each memorandum lists the relevant factors, but fails to explain what weight the court gave to any of them or otherwise explain its reasoning for the amount awarded. In the fourth matter, the court gave no explanation whatsoever for the attorney's fee award.

Accordingly, we remit the matter to the Supreme Court for the purpose of setting forth the reasoning for its award of an attorney's fee in each of the four matters (*see Matter of Catherine K.,* 13 AD3d 534 [2004]; *Matter of Verdejo,* 5 AD3d 307 [2004]; *Matter of Maylissa N.,* 5 AD3d 492 [2004]). Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.