█   In the Matter of CATHERINE K. YOUNG LEVENTHAL MORIWAKI & ISSACS, LLP, Nonparty Appellant. [803 NYS2d 193]—

In a guardianship proceeding, Young Leventhal Moriwaki & Issacs, LLP, the former attorney for Robert A. K., the guardian of Catherine K., appeals, as limited by its brief, from so much of

an order of the Supreme Court, Queens County (Taylor, J.), dated September 2, 2003, as granted its request for an award of an attorney's fee in the sum of only $35,241. By decision and order of this Court dated December 20, 2004 [13 AD3d 534], the appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, to set forth the factors considered and the reason for its determination with respect to the appellant's request for an award of an attorney's fee. The Supreme Court, Queens County, has filed its report.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1994 Catherine K. became a resident of Waterview Nursing Care Center (hereinafter Waterview), where she remained in a vegetative state until her death in June 2004. From 1994 until April 1999, Catherine's expenses at Waterview were fully paid by her health care insurer, Aetna Insurance Company (hereinafter Aetna). However, in April 1999 Aetna terminated Catherine's benefits. In 2002 Robert A. K., Catherine's guardian, retained the nonparty appellant, the law firm of Young, Leventhal Moriwaki & Issacs, LLP (hereinafter the law firm), to commence an action against Aetna to recover damages for breach of contract. The guardian and the law firm entered into a retainer agreement wherein the guardian agreed, inter alia, to pay the law firm "the sum of 33 1/3 [percent] of any recovery." Ultimately, the action was settled and Aetna agreed, inter alia, to fully reimburse the guardian for the sums he had expended from Catherine's assets to pay for her nursing care (a total of $296,600), and to fully reinstate her prior insurance coverage. Thereafter the law firm brought a motion before the Supreme Court in which it sought an attorney's fee based upon one third of the $296,600, as well as a continuing one third of the monthly amount which Aetna agreed to pay for Catherine's nursing care after benefits were resumed. However, the Supreme Court granted the motion only to the extent of awarding the law firm a fee of $35,241. Upon the law firm's appeal to this Court, the matter was remitted to the Supreme Court to set forth the factors considered and the reason for its determination, in accordance with the factors enunciated in *Matter of Mavis L.* (285 AD2d 509, 510 [2001]), which states, in pertinent part:

"The Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding (*see, Ricciuti v Lombardi*, 256 AD2d 892 [1998]). However, it must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the ques-

tions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved (*see, Matter of Freeman,* 34 NY2d 1; *Ricciuti v Lombardi, supra; Matter of Stark,* 174 AD2d 746)." (*See also Matter of Enid B.,* 7 AD3d 704 [2004]; *Matter of Tijuana M.,* 303 AD2d 681 [2003].)

Contrary to the law firm's contentions, the Supreme Court conducted a proper analysis of the above-mentioned factors, and adequately explained its award of an attorney's fee. Furthermore, the court providently exercised its broad discretion in making such an award, and thus we see no reason to disturb it (*see Matter of Keele,* 305 AD2d 145 [2003]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.