In a guardianship proceeding pursuant to Mental Hygiene Law article 81, the temporary guardian, Helen Wells, appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Tomei, J.), dated May 18, 2007, as, after a hearing, awarded her an attorney’s fee in the sum of only $6,562, denied her request to be compensated for her role as temporary guardian, and directed her to return certain guardianship funds to the estate of Lillian A.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
*768 After this guardianship proceeding was instituted, the alleged incapacitated person, Lillian A., retained the appellant, an attorney, to represent her. At an initial hearing, all parties, including Lillian A., agreed to the appointment of the appellant as temporary guardian. From January 16, 2003, until July 21, 2003, when she was discharged from her role as temporary guardian, the appellant served as both temporary guardian and attorney for Lillian A., submitting affirmations to the court to be reimbursed for the legal as well as nonlegal services she provided to Lillian A. However, after her appointment ended, and even after Lillian A. died on August 3, 2003, the appellant continued to disburse money from the guardianship account to herself and others. Her attempts to file a final accounting were rejected by the court because they were not in proper form, necessitating the appointment of a referee to prepare an accounting.
The Supreme Court providently exercised its discretion in directing that the appellant return certain guardianship funds to the estate of Lillian A. which were disbursed by her after the expiration of her term of appointment. The disbursements were unauthorized as they were not permitted by any order of appointment (see Mental Hygiene Law § 81.23 [a] [1]), and the appellant failed to deliver the guardianship funds to persons legally entitled to them upon the termination of her appointment (see Mental Hygiene Law § 81.20 [a] [6] [v]). Considering the appellant’s failure to properly exercise the powers granted to her by the appointment, the Supreme Court properly denied her request to be compensated for her role as temporary guardian (see Mental Hygiene Law § 81.23 [a] [1]).
The Supreme Court also providently exercised its discretion in awarding the appellant an attorney’s fee in the sum of only $6,562. The Supreme Court has broad discretion in determining the reasonable amount to award as an attorney’s fee in a guardianship proceeding (see Ricciuti v Lombardi, 256 AD2d 892 [1998]). However, it must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; (2) the attorney’s experience, ability, and reputation; (3) the amount involved and the benefit flowing to the ward as a result of the attorney’s services; (4) the fees awarded in similar cases; (5) the contingency or certainty of compensation; (6) the results obtained, and (7) the responsibility involved (see Matter of Freeman, 34 NY2d 1 [1974]; Ricciuti v Lombardi, 256 AD2d 892 [1998]; Matter of Stark, 174 AD2d *769 746 [1991]). Here, while the Supreme Court did not discuss all of the above-referenced factors on the record, the evidence supports the amount of the award (cf. Matter of Mavis L., 285 AD2d 509 [2001]). Prudenti, P.J., Mastro, Fisher and Dillon, JJ., concur. [See 16 Misc 3d 1104(A), 2007 NY Slip Op 51264(U).]