■ In the Matter of ANNE M.T. SETH NOLAN CHASE, Nonparty Appellant. [882 NYS2d 715]—

In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Seth Nolan Chase, the former attorney for Theresa T., the guardian of the personal needs of Anne M.T., appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated December 18, 2007, which awarded him an attorney's fee in the sum of only $1,000.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding Seth Nolan Chase an attorney's fee in the sum of $1,000 and substituting therefor a provision awarding him an attorney's fee in the sum of $3,500; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"The Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding" (*Matter of Lillian A.,* 56 AD3d 767, 768 [2008]; *see Matter of Catherine K.,* 13 AD3d 534, 536 [2004]; *Matter of Tijuana M.,* 303 AD2d 681, 682 [2003]; *Matter of Mavis L.,* 285 AD2d 509, 510 [2001]). However, it must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved (*see Matter of Freeman,* 34 NY2d 1, 9 [1974]; *Matter of Lillian A.,* 56 AD3d at 768; *Matter of Linda R.,* 304 AD2d 832 [2003]; *Matter of Tijuana M.,* 303 AD2d at 682).

The order appealed from failed to provide any explanation for awarding the appellant an attorney's fee in the sum of only $1,000 (*see Matter of Catherine K.,* 13 AD3d at 536). A proper analysis of the above-mentioned factors, including the appellant's expertise and the time and labor required in handling the proceeding, would have resulted in a higher award. Accordingly, we modify the order as indicated to increase the amount of the award (*see Matter of Tijuana M.,* 303 AD2d at 682; *Matter of Mavis L.,* 285 AD2d at 510). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.