Matter of Christopher A. (2020 NY Slip Op 01339)





Matter of Christopher A.


2020 NY Slip Op 01339


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-04798 
2017-04799
2017-04800
 (Index No. 100271/14)

[*1]In the Matter of Christopher A. (Anonymous). Kagan & Gertel, etc., nonparty-appellant; Paul G. Mederos, nonparty-respondent.


Kagan & Gertel, Brooklyn, NY (Irving Gertel of counsel), nonparty-appellant pro se.
Peter M. Wolf, Kew Gardens, NY, for non-party respondent.



DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, nonparty Kagan & Gertel, appeals, by permission, from (1) an order of the Supreme Court, Kings County (Michael L. Pesce, J.), dated February 24, 2016, (2) an order of the same court dated June 29, 2016, and (3) an order of the same court dated March 9, 2017. The order dated February 24, 2016, insofar as appealed from, in effect, denied that branch of the motion of nonparty Charles L. Emma, joined by nonparty Kagan & Gertel, which was to approve an attorney's fee for nonparty Kagan & Gertel in the sum of $335,133.33 for legal services performed in an action entitled Aviles v Wilcox, commenced in the Supreme Court, Kings County, under Index No. 1424/15. The order dated June 29, 2016, inter alia, awarded nonparty Kagan & Gertel interim fees in the sum of $50,000. The order dated March 9, 2017, among other things, awarded nonparty Kagan & Gertel an attorney's fee in the sum of only $38,256.65.
ORDERED that the appeal from the order dated June 29, 2016, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated February 24, 2016, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated March 9, 2017, is affirmed, without costs or disbursements.
On July 22, 2014, 29-year-old Christopher A. (hereinafter the IP) was riding his motorcycle when he was struck by a truck, causing him to suffer severe traumatic brain injury. On August 20, 2014, the IP's mother, Mariana Aviles (hereinafter the guardian), executed a retainer agreement for Kagan & Gertel (hereinafter the appellant) to prosecute an action to recover damages for personal injuries sustained by the IP. The retainer provided that the appellant was entitled to retain one-third of any sum recovered in the personal injury action. In October 2014, the guardian commenced this proceeding pursuant to Mental Hygiene Law article 81. In an order and judgment dated February 4, 2015, the Supreme Court, inter alia, determined that the IP was an incapacitated person, appointed the guardian, and appointed Charles L. Emma as counsel to the IP to review any [*2]settlement negotiated in the personal injury action.
Thereafter, the guardian commenced an action to recover damages for personal injuries on behalf of the IP, which resulted in a settlement in the sum of $1,000,000. In October 2015, Emma moved in this proceeding, inter alia, for court approval of the settlement and for court approval of an attorney's fee to the appellant in the sum of $335,133.33, representing one-third of the settlement in accordance with the retainer. The appellant joined in the motion. In an order dated February 24, 2016, the Supreme Court, in effect, denied that branch of the motion which was to approve an attorney's fee in the sum of $335,133.33. The court determined that the guardian did not have authority to execute the retainer on the IP's behalf because she had not yet been appointed guardian at the time of execution, and thus, the appellant was not entitled to one-third of the settlement pursuant to the retainer. The court directed the appellant to submit an affirmation of legal services to aid in determining an appropriate attorney's fee. In an order dated June 29, 2016, the court, inter alia, approved the settlement and authorized the appointed property guardian/trustee to pay the appellant the sum of $50,000 for interim fees. In an order dated March 9, 2017, the court, among other things, awarded the appellant an attorney's fee in the sum of $38,256.65, reflecting a total attorney's fee award of $88,256.65. The appellant appeals, by permission, from the orders dated February 24, 2016, June 29, 2016, and March 9, 2017.
The appeal from the order dated June 29, 2016, must be dismissed on the ground that the appellant is not aggrieved by that order (see Mixon v TBV, Inc., 76 AD3d 144, 156-157).
Contrary to the appellant's contention, the guardian lacked authority to execute the retainer. Although a guardian appointed pursuant to Mental Hygiene Law article 81 "has the inherent authority to retain counsel" (Matter of Theodore T. v [Michael T.-Diana C.T.], 83 AD3d 852, 853), here, the guardian executed the retainer on August 20, 2014, prior to her commencement of this proceeding in October 2014, and her appointment as guardian on February 4, 2015. Further, there is no indication in the record that the guardian possessed actual or apparent authority to execute the retainer on the IP's behalf (see generally Hallock v State of New York, 64 NY2d 224, 231). Accordingly, we agree with the Supreme Court's determination, in effect, denying that branch of Emma's motion which was to approve an attorney's fee to the appellant in the sum of $335,133.33.
"The Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding" (Matter of Lillian A., 56 AD3d 767, 768). However, the court " must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation, (6) the results obtained, and (7) the responsibility involved'" (Matter of Yolanda T.M., 137 AD3d 1280, 1281-1282, quoting Matter of Alice D. [Lupoli], 113 AD3d 609, 613-614). Here, the court conducted an appropriate analysis of the above-mentioned factors, and adequately explained its award of an attorney's fee (see Matter of Lillian A., 56 AD3d at 769; Matter of Catherine K., 22 AD3d 850, 852).
The appellant's remaining contentions are without merit.
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court