Matter of Asha R. (Tommy R.) (2025 NY Slip Op 04653)

Matter of Asha R. (Tommy R.)

2025 NY Slip Op 04653

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
LILLIAN WAN, JJ.

2022-08563
 (Index No. 707429/21)

[*1]In the Matter of Asha R. (Anonymous).
and
Tommy R., respondent; Katz & Kern, LLP, nonparty-appellant.

Katz & Kern, LLP, New York, NY (Chet W. Kern of counsel), nonparty-appellant pro se.
Jules Martin Haas, New York, NY, for respondent.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, nonparty Katz & Kern, LLP, appeals from an order of the Supreme Court, Queens County (Wyatt N. Gibbons, J.), entered March 22, 2022. The order, insofar as appealed from, granted that branch of the motion of Tommy R., the guardian of the person and property of Asha R., which was to approve, nunc pro tunc, certain payments to the extent of directing nonparty Katz & Kern, LLP, to refund certain amounts to Tommy R.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On or about December 13, 2012, Asha R. was injured during surgery, apparently resulting in oxygen deprivation, brain damage, and cognitive impairment. On or about January 15, 2013, Asha R. and her husband, Tommy R., executed a retainer agreement with nonparty Katz & Kern, LLP (hereinafter the appellant), a law firm, to commence an action to recover damages for medical malpractice. The retainer agreement provided that the appellant was entitled to retain a percentage of the recovery as attorneys' fees and applied the sliding scale set forth in Judiciary Law § 474-a(2). The retainer agreement also provided that the percentage shall be computed on the net sum recovered after deduction of disbursements. Thereafter, on or about January 29, 2015, an action was commenced in Queens County to recover damages for personal injuries sustained by Asha R. as a result of alleged medical malpractice (hereinafter the Queens County action).
On or about November 16, 2016, while the Queens County action was pending, Tommy R. commenced this proceeding pursuant to Mental Hygiene Law article 81 to be appointed the guardian of the person and property of Asha R. In an order and judgment dated August 18, 2017 (hereinafter the guardianship order), the Supreme Court, inter alia, determined that the Asha R. was an incapacitated person and appointed Tommy R. the guardian of the person and property of Asha R. The guardianship order provided that any out-of-court settlements proposed in the then-pending Queens County action "must come before this Court for authority to settle." The guardianship order also provided, among other things, that payment of any attorneys' fees incurred by the guardian with respect to the proceedings of such guardian or incurred by the guardian on behalf of the incapacitated person were subject to approval of the court.
Between December 2014, prior to the commencement of the Queens County action and before Tommy R. was appointed as guardian, and December 2017, Asha R., individually, and then Tommy R., executed a total of nine litigation funding agreements with Orenco Capital, LLC (hereinafter Orenco). The resulting funds were largely distributed directly to the appellant, which apparently placed the funds in a special escrow account and thereafter used the funds, at least in part, to pay expenses in the Queens County action and to pay Tommy R.'s attorneys in this proceeding. The appellant paid said attorneys' fees without seeking prior court approval.
In December 2017, the Queens County action settled for a gross amount of $2,675,000, and a supplemental compromise order dated June 18, 2018, in that action authorized the payment of $417,500 in attorneys' fees to the appellant and directed that the appellant be reimbursed the amount of $21,407 for disbursements. Although the supplemental compromise order directed that the net settlement proceeds of $2,236,093 were to be deposited in a special account in J.P. Morgan Chase Bank held by Tommy R., the appellant instead paid the amount of $187,048 to Orenco from those proceeds. Moreover, contrary to the terms of guardianship order, prior court approval was not sought for authority to settle the Queens County action or for approval of attorneys' fees therein.
In August 2020, a court examiner moved, inter alia, to compel Tommy R. to account and to explain any discrepancy or difference between the settlement amount set forth in the supplemental compromise order and the amount received or deposited by Tommy R. Thereafter, Tommy R. moved, among other things, to approve, nunc pro tunc, the settlement of the Queens County action, the attorneys' fees and disbursements paid to and received by the appellant, and the attorneys' fees paid to prior attorneys. Tommy R. also moved to direct the appellant to refund to him "all funds and disbursements received by them . . . which are not approved by this Court." In an order entered March 22, 2022, the Supreme Court ordered that $107,026.67 of the payments made to Orenco was retroactively approved but directed Orenco to refund the amount of $80,121.33 to Tommy R. The court also ordered that, in the event that Tommy R. was not able to recover that amount of $80,121.33 from Orenco within 12 months, the appellant "shall refund that amount to the guardianship estate from their previously approved legal fees." The appellant appeals from so much of the order as directed it to refund that amount to Tommy R.
"When an attorney renders services for the benefit of the incapacitated person, the Supreme Court must determine whether the fee requested is necessary, fair, and reasonable" (Matter of Linda R., 304 AD2d 832, 833). "It is within the discretion of the Supreme Court to determine what, if any, compensation is due to a fiduciary of an incapacitated person or an attorney representing such a fiduciary" (Matter of Joshua H. [Grace N.], 80 AD3d 698, 699, citing Mental Hygiene Law § 81.28[b]; see Matter of Vincent V. [Isler], 187 AD3d 764, 765; Matter of Christopher A., 180 AD3d 1036, 1038). Here, the Supreme Court did not improvidently exercise its discretion in directing the appellant to refund a portion of its attorneys' fee to Tommy R. and, in effect, reducing the appellant's attorneys' fees, as the record established that the appellant's actions diminished the benefit of the settlement flowing to Asha R. (see Matter of O'Day, 229 AD2d 583, 583). The appellant used the litigation funds it held in escrow in a manner that was in contravention of the guardianship order, including by using those funds to pay Tommy R.'s attorneys' fees without the required prior approval of the court, which fees were later, in part, rejected by the court. Moreover, the appellant used those funds to pay litigation expenses in the Queens County action, then settled the Queens County action, disbursed the settlement proceeds, and paid Orenco without returning to the guardianship court for its approval, resulting in the appellant paying Orenco an amount that the court ultimately found excessive (see Matter of Christopher A., 180 AD3d at 1038; Matter of O'Day, 229 AD2d at 583).
The appellant's remaining contention is without merit.
BARROS, J.P., CONNOLLY, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court