■ In the Matter of MARTHA O.J., Also Known as MARTHA C.J. JEWISH ASSOCIATION FOR SERVICES FOR THE AGED, Respondent; MILLER, CANFIELD, PADDOCK, AND STONE, PLLC, Nonparty Appellant. (Proceeding No. 1.) In the Matter of JACQUES L. SELFHELP COMMUNITY SERVICES, INC., Respondent; MILLER, CANFIELD, PADDOCK, AND STONE, PLLC, Nonparty Appellant. (Proceeding No. 2.) In the Matter of LORETTA H. NEW YORK FOUNDATION FOR SENIOR CITIZENS, Respondent; MILLER, CANFIELD, PADDOCK, AND STONE, PLLC, Nonparty Appellant. (Proceeding No. 3.) In the Matter of NORA R. JEWISH ASSOCIATION FOR SERVICES FOR THE AGED, Respondent; MILLER, CANFIELD, PADDOCK, AND STONE, PLLC, Nonparty Appellant. (Proceeding No. 4.) [822 NYS2d 734]—In four guardianship proceedings pursuant to Mental Hygiene Law article 81, nonparty Miller, Canfield, Paddock, and Stone, PLLC, appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Queens County (Thomas, J.), dated April 8, 2004, as authorized and directed the Jewish Association for Services for the Aged to pay it an attorney's fee in the sum of only $2,886.91 in proceeding No. 1, (2) an order of the same court dated February 25, 2004, as authorized and directed Selfhelp Community Services, Inc., to pay it an attorney's fee in the sum of only $8,509.52, in proceeding No. 2, (3) a resettled order of the same court (Taylor, J.), dated January 27, 2004, as authorized and directed the New York Foundation for Senior Citizens to pay it an attorney's fee in the sum of only $11,410, in proceeding No. 3, and (4) an order of the same court (Thomas, J.), dated February 25, 2004, as authorized and directed Jewish Association for Services for the Aged to pay it an attorney's fee in the sum of only $3,889.51 in proceeding No. 4. By decision and order of this Court dated October 24, 2005, the matter was remitted to the Supreme Court, Queens County, to set forth the factors considered and the reasons for its determination with respect to the appellant's request for attorney's fee awards in each of the four matters, and the appeals were held in abeyance in the interim (*see Matter of Martha O.J.*, 22 AD3d 756 [2005]). The Supreme Court, Queens County, has filed its reports.

Ordered that the order dated April 8, 2004 is modified, on the facts and in the exercise of discretion, by deleting the provision thereof authorizing and directing the Jewish Association for Services for the Aged to pay it an attorney's fee in the sum of $2,886.91 in proceeding No. 1, and substituting therefor a pro-

vision authorizing and directing the Jewish Association for Services for the Aged to pay it an attorney's fee in the sum of $9,886.91 in proceeding No. 1, inclusive of disbursements; as so modified, the order dated April 8, 2004 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated February 25, 2004 is modified, on the facts and in the exercise of discretion, by deleting the provision thereof authorizing and directing Selfhelp Community Services, Inc., to pay it an attorney's fee in the sum of $8,509.52 in proceeding No. 2, and substituting therefor a provision authorizing and directing Selfhelp Community Services, Inc., to pay it an attorney's fee in the sum of $9,279.52 in proceeding No. 2, inclusive of disbursements; as so modified, the order dated February 25, 2004, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the resettled order dated January 27, 2004 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated February 25, 2004 is modified, on the facts and in the exercise of discretion, by deleting the provision thereof authorizing and directing the Jewish Association for Services for the Aged to pay it an attorney's fee in the sum of $3,889.51 in proceeding No. 4, and substituting therefor a provision authorizing and directing the Jewish Association for Services for the Aged to pay it an attorney's fee in the sum of $6,729.51 in proceeding No. 4, inclusive of disbursements; as so modified, the order dated February 25, 2004 is affirmed insofar as appealed from, without costs or disbursements.

The nonparty law firm of Miller, Canfield, Paddock, and Stone, PLLC, appealed from three orders and a resettled order of the Supreme Court, Queens County, issued in four separate guardianship proceedings, in which it represented community guardianship programs in the sales of incapacitated persons' homes, contending that in each of the matters the attorney's fee it was awarded was inadequate. Since the Supreme Court did not set forth its reasoning for the attorney's fees awarded in any of the orders appealed from, we remitted the matters to the Supreme Court "to set forth the factors considered and the reasons for its determinations with respect to the appellant's request for attorney's fee awards in each of the four proceedings" (*Matter of Martha O.J.*, 22 AD3d 756, 757 [2005]).

The Supreme Court has filed reports in each of the four matters. In proceeding Nos. 1, 2, and 4, the Supreme Court performed a de novo review of the law firm's attorney fee award applications, and awarded greater fees than it had originally

awarded. In proceeding No. 3, the Supreme Court explained its reasoning for its award of an attorney fee of $11,410.

The Supreme Court, in the reports prepared upon remittitur in each of the four proceedings, adequately explained the factors it considered and the reasoning for its determination of the attorney's fees awarded, in accordance with the factors set forth in *Matter of Freeman* (34 NY2d 1 [1974]). The Supreme Court providently exercised its broad discretion in its attorney's fee awards in the report for proceeding Nos. 1, 2, and 4, after its de novo review, and the attorney's fee award in the resettled order in proceeding No. 3 (*see Matter of Catherine K.*, 22 AD3d 850 [2005]). Therefore, we modify the orders in proceeding Nos. 1, 2, and 4 to award the attorney's fees as set forth in the Supreme Court's reports upon remittitur, and affirm the resettled order in proceeding No. 3. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.