■ JESSE HARRIS, Respondent, v PATHMARK STORES, INC., Appellant. [851 NYS2d 875]—In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Silverman, J.), dated January 22, 2007, as granted those branches of the plaintiff's motion which were to compel it to respond to items numbered 1 through 5, and item number 10 requested in the plaintiff's notice of discovery and inspection dated December 14, 2006, and denied its cross motion for a protective order.

Ordered that the order is reversed insofar as appealed from,

on the law and as a matter of discretion, with costs, those branches of the plaintiff's motion which were to compel the defendant to respond to items numbered 1 through 5, and item number 10 requested in the plaintiff's notice of discovery and inspection dated December 14, 2006 are denied, and the defendant's cross motion for a protective order is granted.

While CPLR 3101 (a) provides that "there shall be full disclosure of all matter material and necessary in the prosecution . . . of an action" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]), "unlimited disclosure is not permitted" (*Silcox v City of New York*, 233 AD2d 494, 494 [1996]).

In this case, the Supreme Court granted those branches of the plaintiff's motion which were to compel the defendant to respond to items numbered 1 through 5 and item number 10, requested in the notice of discovery and inspection dated December 14, 2006. However, in light of the allegations contained in the plaintiff's bill of particulars, it is evident that these demands were unduly burdensome, lacked specificity, and sought irrelevant and immaterial information, and therefore should have been stricken (*see Lopez v Huntington Autohaus*, 150 AD2d 351, 352 [1989]). Accordingly, those branches of the plaintiff's motion which were to compel the defendant to respond to items numbered 1 through 5 and item number 10 should have been denied, and the defendant's cross motion for a protective order should have been granted. Rivera, J.P., Lifson, Ritter and Carni, JJ., concur.