■ In the Matter of JEWISH ASSOCIATION FOR SERVICES FOR THE AGED COMMUNITY GUARDIAN PROGRAM, Respondent, v DAVID KRAMER, Appellant. [874 NYS2d 375]—Order, Supreme Court, New York County (John E. H. Stackhouse, J.), entered April 8, 2008, which, to the extent appealed from, directed reimbursement of petitioner for $10,131.56 in temporary guardianship expenses and legal fees incurred in December 2007 in connection with an interim stay of the guardianship powers obtained by respondent's appointed Mental Hygiene Legal Services counsel, unanimously reversed, on the law, without costs, and the matter remanded for reevaluation of the legal fees to be imposed, if any.

Attorney fees were improvidently imposed without the requisite written decision setting forth the basis for the award (22 NYCRR 36.4 [b] [3]) and an explanation as to the reasonableness of the fees imposed (*Matter of Martha O.J.*, 22 AD3d 756 [2005]; *cf. Matter of Freeman*, 34 NY2d 1 [1974]). An evaluation de novo is further warranted as to whether the legal fees sought were occasioned by procedural mistakes possibly committed by respondent's counsel. Concur—Tom, J.P., Saxe, Sweeny, Acosta and Freedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BOLTON, Appellant. [874 NYS2d 374]—Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered August 6, 2007, convicting defendant, upon his plea of guilty, of five counts of robbery in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.

The imposition of mandatory surcharges and fees by way of court documents, but without mention of the specific amounts in the court's oral pronouncement of sentence, was lawful (*People v Guerrero*, 12 NY3d 45 [2009]). Concur—Tom, J.P., Saxe, Sweeny, Acosta and Freedman, JJ.