■ DALTON HARVEY, Appellant, v MALINA NEALIS, Respondent. [877 NYS2d 459]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated September 3, 2008, as denied his motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the plaintiff's motion for summary judgment on the issue of liability and substituting therefor a provision denying the motion as premature, without prejudice to renewal following the completion of discovery; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

In support of his motion for summary judgment on the issue of liability on the complaint, which alleged a violation of Labor Law § 240 (1), the plaintiff submitted an affidavit wherein he alleged that, while performing a repair in the defendant's building, he was injured when a step ladder upon which he was standing began to "wobble and fall," causing him to fall therefrom. In opposition, the defendant asserted, inter alia, that the plaintiff's motion was premature on the ground that no discovery had been provided by the plaintiff nor had any depositions been conducted. The Supreme Court denied the plaintiff's motion, finding that there were "clear issues of fact over how the accident occurred, the origin of the ladder and the failure to provide proper protection."

The plaintiff's motion for summary judgment on the issue of liability was premature (*see Hirsch v Greenridge Assoc., LLC*, 26 AD3d 411, 412 [2006]). At the time of the plaintiff's motion, no discovery had taken place and neither party had been deposed (*see* CPLR 3212 [f]; *Groves v Land's End Hous. Co.*, 80 NY2d 978, 980 [1992]; *Afzal v Board of Fire Commrs. of Bellmore Fire Dist.*, 23 AD3d 507, 508 [2005]). Under the circumstances here, the motion should have been denied as premature, without prejudice to renewal following the completion of discovery (*see Valdivia v Consolidated Resistance Co. of Am., Inc.*, 54 AD3d 753, 755 [2008]; *Venables v Sagona*, 46 AD3d 672 [2007]). Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.