■ JONATHAN GONZALEZ, Respondent, et al., Plaintiff, v NUTECH AUTO SALES, Appellant, and STEVEN M. BUCCI et al., Respondents. [891 NYS2d 910]—

On August 11, 2006, the defendant Donna Albarron allegedly purchased a car from the defendant Nutech Auto Sales (hereinafter Nutech). On the following day, the car was being driven by the defendant Steven M. Bucci when it was involved in an accident which allegedly caused the death of one of the passengers, Joseph S. Dulak III (hereinafter Dulak), the plaintiff Joseph S. Dulak, Jr.'s, decedent, and injury to the other passenger, the plaintiff Jonathan Gonzalez. Dulak's estate and Gonzalez commenced separate actions against Nutech, Bucci, and Albarron; these actions were later consolidated. Nutech moved for sum-

mary judgment and submitted documents allegedly showing that ownership of the car had been transferred to Albarron the day before the accident. Based on this transfer, Nutech argued that it could not be liable in this case. The Supreme Court denied the motion as premature and on the merits. We modify.

Under the circumstances of this case, since the motion was premature as no discovery had yet taken place (*see* CPLR 3212 [f]; *Harvey v Nealis,* 61 AD3d 935 [2009]; *Valdivia v Consolidated Resistance Co. of Am., Inc.,* 54 AD3d 753 [2008]), the Supreme Court erred in determining the motion on the merits. Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.