■ ERIC RODRIGUEZ, Respondent, v LOUIS M. DESTEFANO et al., Respondents, and ROCKLEDGE REALTY ASSOCIATES, LLC, Doing Business as REMAX SIGNATURE REAL ESTATE, et al., Appellants. [898 NYS2d 495]—In an action, inter alia, to recover damages for active concealment, the defendants Rockledge Realty Associates, LLC, doing business as ReMax Signature Real Estate and Gina Coffen appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated May 14, 2009, as denied, as premature, their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although Rockledge Realty Associates, LLC, doing business as ReMax Signature Real Estate (hereinafter ReMax) and Gina Coffen demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), the Supreme Court properly denied that branch of their motion as premature (*see Aurora Loan Servs., LLC v LaMattina & Assoc., Inc.*, 59 AD3d 578 [2009]; *Ruiz v Griffin*, 50 AD3d 1005, 1006 [2008]). "CPLR 3212 (f) permits a party opposing summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated" (*Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2006]; *see Aurora Loan Servs., LLC v LaMattina & Assoc., Inc.*, 59 AD3d at 578). "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 793 [1988]). Here, the plaintiff raised issues warranting further discovery. Accordingly, the Supreme Court properly denied, as premature, that branch of the motion of ReMax and Coffen which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

The appellants' remaining contentions are without merit. Mastro, J.P., Eng, Belen and Austin, JJ., concur.