■ PATRICIA M. SPOHN-KONEN, Appellant, v TOWN OF BROOKHAVEN, Respondent. [902 NYS2d 391]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohen, J.), dated October 6, 2009, which granted the defendant's motion for a protective order pursuant to CPLR 3103 (a) denying further depositions of its employees.

Ordered that the order is affirmed, with costs.

While CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution . . . of an action" (*see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]), "unlimited disclosure is not permitted" (*Harris v Pathmark Stores, Inc.*, 48 AD3d 631, 632 [2008] [internal quotation marks omitted]; *see Silcox v City of New York*, 233 AD2d 494 [1996]). CPLR 3103 (a) provides that a court may issue a protective order denying, limiting, conditioning, or regulating the use of any disclosure device, in order to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to the other party.

To show that additional depositions are necessary, it must be demonstrated (1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) that there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case (*see Nazario v City of New York*, 27 AD3d 439 [2006]; *Hayden v City of New York*, 26 AD3d 262 [2006]; *Saxe v City of New York*, 250 AD2d 751, 752 [1998]; *Carter v New York City Bd. of Educ.*, 225 AD2d 512 [1996]; *Zollner v City of New York*, 204 AD2d 626, 627 [1994]). Since the plaintiff failed to sustain her burden of demonstrating these

two elements, the Supreme Court properly granted the defendant's motion for a protective order (*see Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803, 803-804 [2008]; *Barone v Great Atl. & Pac. Tea Co.*, 260 AD2d 417, 417-418 [1999]; *Saxe v City of New York*, 250 AD2d at 752). Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.