*652 The Supreme Court providently exercised its discretion in granting that branch of the plaintiff’s motion which was to compel discovery only to the extent of directing the defendant to provide information concerning subsequent rentals of his former apartment. CPLR 3101 (a) provides that “[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action” (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). However, the principle of “full disclosure” does not give a party the right to unlimited disclosure (see Buxbaum v Castro, 82 AD3d 925 [2011]; Spohn-Konen v Town of Brookhaven, 74 AD3d 1049 [2010]; Harris v Pathmark Stores, Inc., 48 AD3d 631, 632 [2008]; Silcox v City of New York, 233 AD2d 494 [1996]). Here, while the plaintiffs demand for information concerning subsequent rentals of his former apartment was material and necessary to his defense against one of the defendant’s counterclaims, his remaining unfulfilled discovery demands were unduly burdensome, and sought irrelevant and immaterial information. Accordingly, the Supreme Court properly declined to compel the defendant to disclose the remaining information sought (see Foster v Herbert Slepoy Corp., 74 AD3d 1139, 1140 [2010]; Harris v Pathmark Stores, Inc., 48 AD3d at 632).
Further, under the circumstances of this case, the Supreme Court properly granted that branch of the defendant’s cross motion which was to enjoin the plaintiff from filing any further motions without leave of the court. Although public policy generally mandates free access to the courts (see Dimery v Ulster Sav. Bank, 82 AD3d 1034, 1035 [2011]; Sassower v Signorelli, 99 AD2d 358, 359 [1984]), here, the plaintiff forfeited that right by abusing the judicial process (see Dimery v Ulster Sav. Bank, 82 AD3d at 1035; Gorelik v Gorelik, 71 AD3d 729 [2010]; Matter of Simpson v Ptaszynska, 41 AD3d 607, 608 [2007]).
The Supreme Court properly denied, as premature, the plaintiffs motion for “leave to move for summary judgment” on the issue of liability. In light of the incomplete state of discovery, including the fact that the plaintiff himself had not yet been deposed, his prospective motion was premature (see Groves v Land’s End Hous. Co., 80 NY2d 978, 980 [1992]; Wilson *653 v Yemen Realty Corp., 74 AD3d 544, 545 [2010]; Harvey v Nealis, 61 AD3d 935, 936 [2009]).
The plaintiffs remaining contentions are either without merit or not properly before this Court. Eng, EJ., Balkin, Hall and Sgroi, JJ., concur.