■ MARILYN DANIELS, Appellant, v CITY OF NEW YORK et al., Respondents. [986 NYS2d 516]—

In an action, inter alia, to recover damages for slander and defamation arising from the alleged falsification of an infant's school records, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated December 22, 2011, as granted those branches of the defendants' motion which were to compel the plaintiff to produce proof of legal guardianship of the subject infant and for a protective order pursuant to CPLR 3103 and denied those branches of her cross motion which were to strike the defendants' answer and for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." " 'The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed' " (*Montalvo v CVS Pharm., Inc.*, 102 AD3d 842, 843 [2013], quoting *Mattocks v*

*White Motor Corp.*, 258 AD2d 628, 629 [1999]; *see Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). Here, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to compel compliance with the court's prior order, which directed the plaintiff to produce proof of guardianship of the subject infant (*see Clark v Halmar Equities, Inc.*, 88 AD3d 940 [2011]).

Furthermore, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the complaint since, at the time of the cross motion, court-ordered discovery remained outstanding (*see* CPLR 3212 [f]; *Chmelovsky v Country Club Homes, Inc.*, 106 AD3d 684 [2013]; *Evangelista v Kambanis*, 74 AD3d 1278, 1279 [2010]; *Matter of Fasciglione*, 73 AD3d 769, 770 [2010]; *Gruenfeld v City of New Rochelle*, 72 AD3d 1025, 1026 [2010]; *Rodriguez v DeStefano*, 72 AD3d 926 [2010]; *Harvey v Nealis*, 61 AD3d 935, 936 [2009]). In any event, the plaintiff failed to demonstrate her prima facie entitlement to judgment as a matter of law. Accordingly, that branch of her cross motion which was for summary judgment on the complaint was properly denied regardless of the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Leventhal, Austin and Roman, JJ., concur.