■ Susan Vanacore, Respondent, v Electrolux Home Products, Inc., et al., Appellants, et al., Defendant. [998 NYS2d 911]— In an action, inter alia, to recover damages for personal injuries, the defendants Electrolux Home Products, Inc., Electrolux Home Products, Inc., doing business as Frigidaire, and Frigidaire appeal from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered April 14, 2014, which granted those branches of the plaintiff's motion which were for leave to serve an amended complaint and to compel certain discovery, and denied their cross motion for a protective order.

Ordered that the order is affirmed, without costs or disbursements.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lauder v Goldhamer*, 122 AD3d 908, 910 [2014]; *see* CPLR 3025 [b]; *Postiglione v Castro*, 119 AD3d 920, 922 [2014]; *Bernardi v Spyratos*, 79 AD3d 684, 688 [2010]). Here, there was no prejudice or surprise to the appellants, and the proposed amendments to the complaint were not palpably insufficient or patently devoid of merit. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to serve an amended complaint.

"The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Daniels v City of New York*, 117 AD3d 981, 981 [2014] [internal quotation marks omitted]; *see Matter of U. S. Pioneer Elecs. Corp. [Nikko Elec. Corp. of Am.]*, 47 NY2d 914, 916 [1979]; *Ito v Dryvit Sys.*, 5 AD3d 735, 735 [2004]; *Mattocks v White Motor Corp.*, 258 AD2d 628, 629 [1999]). Here, the Supreme Court did not improvidently exercise its discretion in granting that branch of

the plaintiff's motion which was to compel certain disclosure and denying the appellants' cross motion for a protective order.

The appellants' remaining contention is without merit. Balkin, J.P., Leventhal, Dickerson, Miller and LaSalle, JJ., concur.