■ In the Matter of MARION C.W. LISA K., et al., Appellants-Respondents; JPMORGAN CHASE BANK, N.A., Respondent-Appellant. [24 NYS3d 665]—

In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of coguardians for the personal needs and property management of Marion C. W., the petitioners appeal from two orders of the Supreme Court, Kings County (King, J.), dated November 2, 2012, and April 16, 2013, respectively. The order dated November 2, 2012, insofar as appealed from, (a), upon remittitur from this Court, granted the petitioners'

motion for an award of counsel fees and expenses only to the extent of awarding them the sum of $44,028.94, (b) denied that branch of the petitioners' separate motion which was, in effect, for leave to reargue with respect to certain prior determinations, and (c) granted that branch of the cross motion of nonparty JPMorgan Chase Bank, N.A., which was to enjoin the petitioners from filing further motions or commencing new proceedings regarding Marion C.W. or a certain trust without leave of the court. The order dated April 16, 2013, denied the petitioners' motion for leave to renew and reargue with respect to certain determinations in the order dated November 2, 2012. JPMorgan Chase Bank, N.A., cross-appeals, as limited by its brief, from so much of the order dated November 2, 2012, as granted the petitioners' motion for an award of counsel fees and expenses to the extent of awarding them the sum of $44,028.94, and denied that branch of its cross motion which was to hold the petitioners jointly and severally liable for all counsel fees incurred by all parties to the trial and appellate proceedings in this matter.

Ordered that the appeal from so much of the order dated November 2, 2012, as denied that branch of the petitioners' motion which was, in effect, for leave to reargue, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 2, 2012, is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from; and it is further,

Ordered that the appeal from so much of the order dated April 16, 2013, as denied that branch of the petitioners' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 16, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to nonparty JPMorgan Chase Bank, N.A.

On a prior appeal in this matter, this Court reversed so much of an order of the Supreme Court, Kings County, as granted the petitioners' motion for an award of counsel fees and expenses in the sum of $63,571.80, and remitted the matter to that court for a new determination of the motion (*see Matter of Marion C.W. [Lisa K.]*, 83 AD3d 1087 [2011]). Upon remittitur, in an order dated November 2, 2012, the Supreme Court, taking into account the appropriate factors (*see Matter of Freeman*, 34 NY2d 1 [1974]), including those that this Court directed it to consider, reduced the award of counsel fees and

expenses to the sum of $44,028.94. Inasmuch as the court providently exercised its broad discretion in determining a reasonable amount to award to the petitioners as counsel fees, and provided a clear explanation for the award, we decline to disturb it (see Matter of Martha O.J., 33 AD3d 1002, 1004 [2006]; Ricciuti v Lombardi, 256 AD2d 892 [1998]).

We agree with nonparty JPMorgan Chase Bank, N.A. (hereinafter JPMorgan), that the Supreme Court erred in holding that, upon remittitur, JPMorgan lacked standing to oppose the petitioners' motion for an award of counsel fees and expenses. Therefore, we have considered the papers submitted by JPMorgan which opposed the award of counsel fees and expenses, which papers are part of the record. We conclude that the award of counsel fees and expenses was not improvident, as the reasoning for the award was adequately explained and based on the appropriate factors. Therefore, this error does not require modification of the order dated November 2, 2012.

That branch of the petitioners' motion which was denominated as one pursuant to CPLR 5015 (a), or, alternatively, for leave to renew and reargue, was, in actuality, a motion for leave to reargue, the denial of which is not appealable (see Maragliano v Port Auth. of N.Y. & N.J., 119 AD3d 534 [2014]).

The Supreme Court properly granted that branch of JPMorgan's cross motion which was to enjoin the petitioners from filing further motions or commencing new proceedings regarding the alleged incapacitated person, Marion C.W., or a certain trust without leave of the court. "To be sure, public policy mandates free access to the courts and zealous advocacy is an essential component of our legal system (Board of Educ. [of Farmingdale Union Free School Dist.] v Farmingdale Classroom Teachers Assn.[, Local 1889, AFT AFL-CIO], 38 NY2d 397, 404 [1975]; Burt v Smith, 181 NY 1 [1905]) and, ordinarily, the doctrine of former adjudication will serve as an adequate remedy against repetitious suits. . . . Nonetheless, a litigious [party] pressing a frivolous claim can be extremely costly to the [other parties to the action] and can waste an inordinate amount of court time, time that this court and the trial courts can ill afford to lose (see Harrelson v United States, 613 F2d 114 [1980])" (Sassower v Signorelli, 99 AD2d 358, 359 [1984]). Here, the court properly determined that the petitioners forfeited the right to free access to the courts by abusing the judicial process with repeated motions seeking to relitigate matters previously decided against them, and, therefore, required them to obtain leave of the court before filing further motions or commencing new proceedings regarding Marion

C.W. or the trust (*see Breytman v Olinville Realty, LLC*, 99 AD3d 651, 652 [2012]).

The appeal from so much of the order dated April 16, 2013, as denied that branch of the petitioners' motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument. That branch of the motion which was for leave to renew with respect to certain determinations in the order dated November 2, 2012, was properly denied, as the petitioners failed to establish that the new facts relied upon would change those determinations (*see* CPLR 2221 [e] [2]).

The parties' remaining contentions are without merit. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.