■ RAMPERSAUD CHURAMAN, Appellant, v C&B ELECTRIC, PLUMBING & HEATING, INC., et al., Defendants, and YAM HOLDING CORP. et al., Respondents. [35 NYS3d 716]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), dated March 27, 2015, which denied his motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against the defendants YAM Holding Corp. and Y-M Holding Corp.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against the defendant YAM Holding Corp., and substituting therefor a provision denying that branch of the plaintiff's motion without prejudice to renewal upon the completion of discovery; as so modified, the order is affirmed, with costs to the defendants YAM Holding Corp., Y-M Holding Corp., Yossi A. Toledano, and Arcadi Marcovich.

The plaintiff is an independent contractor who was hired by the defendant C&B Electric, Plumbing & Heating, Inc. (hereinafter C&B), to perform construction work in a warehouse located at 94-21 150th Street in Jamaica, New York, owned by the defendant YAM Holding Corp. (hereinafter YAM). The plaintiff alleges that he was directed by C&B's principal to cut a vertical beam that extended from the floor to the ceiling and supported the ceiling, a ceiling joist, and a shelf full of supplies above the ceiling on the next floor. Immediately after the plaintiff cut the vertical beam, the ceiling joist fell, struck him on the head and shoulder, and caused him to fall off his ladder

and hit his head on the floor. As a result, the plaintiff alleges that he sustained serious permanent injuries.

The plaintiff commenced this personal injury action and subsequently moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against YAM and the defendant Y-M Holding Corp. (hereinafter Y-M), which owns premises located at 94-15 150th Street. The Supreme Court denied the motion, concluding that the evidence submitted by the plaintiff was insufficient to establish, as a matter of law, that C&B's principal "hired and directed plaintiff in the performance of construction and demolition work at the subject premises." The plaintiff appeals. We modify in part and affirm in part, on grounds other than those relied upon by the Supreme Court.

A property owner may be held liable for a violation of Labor Law § 240 (1) that proximately caused injury to a worker even where "a tenant of the building contracted for the work without the owner's knowledge" (*Sanatass v Consolidated Inv. Co., Inc.,* 10 NY3d 333, 335 [2008]). Here, the plaintiff established that YAM owned the property at 94-21 150th Street where the accident occurred, and that YAM leased the property to C&B.

Moreover, the plaintiff made a prima facie showing that YAM failed to provide him with adequate safety devices, as required by Labor Law § 240 (1), and that this violation of the statute was a proximate cause of the accident (*see Sarata v Metropolitan Transp. Auth.,* 134 AD3d 1089, 1090-1091 [2015]; *Przyborowski v A&M Cook, LLC,* 120 AD3d 651, 653 [2014]). The plaintiff also made a prima facie showing that he was injured while he was engaged in an activity covered under Labor Law § 241 (6), that there was a violation of an applicable provision of the Industrial Code, and that the violation was a proximate cause of the accident (*see Harris v Arnell Constr. Corp.,* 47 AD3d 768, 768 [2008]; *Ferrero v Best Modular Homes, Inc.,* 33 AD3d 847, 851 [2006]).

Nonetheless, the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against YAM was premature since there has been almost no discovery in the case and the plaintiff has not been deposed. In the absence of such discovery, YAM's ability to defend is impaired, since it is limited to the plaintiff's own unchallenged account of the accident, set forth in the affidavit he submitted in support of his motion for summary judgment, and YAM has not had an opportunity to explore potential defenses (*see Groves v Land's*

*End Hous. Co.*, 80 NY2d 978, 980 [1992]; *Wilson v Yemen Realty Corp.*, 74 AD3d 544, 545 [2010]). Thus, as to YAM, the plaintiff's motion was premature (*see Groves v Land's End Hous. Co.*, 80 NY2d at 980; *Breytman v Olinville Realty, LLC*, 99 AD3d 651, 652 [2012]; *Harvey v Nealis*, 61 AD3d 935, 936 [2009]).

The plaintiff also was not entitled to summary judgment on the issue of liability on the causes of action pursuant to Labor Law §§ 240 (1) and 241 (6) insofar as asserted against Y-M. The plaintiff failed to make a prima facie showing that Y-M owned or had any nexus to the property where the accident occurred (*cf. Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d at 341).

Accordingly, we modify by denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against YAM without prejudice to renewal upon the completion of discovery, and otherwise affirm. Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.