Matter of Cannam v Phillips (2019 NY Slip Op 07252)





Matter of Cannam v Phillips


2019 NY Slip Op 07252


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2018-11063
 (Docket No. F-14350-17/17A)

[*1]In the Matter of Charles G. Cannam, respondent,
v
Diane Phillips, appellant.


Diane Phillips, Deer Park, NY, appellant pro se.
Charles G. Cannam, Naples, Florida, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (David Morris, J.), dated August 16, 2018. The order, insofar as appealed from, granted the father's objections to an order of the same court (Darlene Jorif-Mangane, S.M.) dated June 20, 2018, to the extent of reducing an award of counsel fees to the mother from the sum of $11,515.50 to the sum of $7,418.50.
ORDERED that the order dated August 16, 2018, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the father's objections to the order dated June 20, 2018, to the extent of reducing the award of counsel fees to the mother from the sum of $11,515.50 to the sum of $7,418.50, and substituting therefor a provision granting the father's objections only to the extent of reducing the award of counsel fees to the mother from the sum of $11,515.50 to the sum of $8,325.50; as so modified, the order dated August 16, 2018, is affirmed insofar as appealed from, without costs or disbursements, and the order dated June 20, 2018, is modified accordingly.
The mother and the father were married on April 27, 1997, and have one child, born in 1998. In 2013, the mother commenced an action for a divorce and ancillary relief. On November 6, 2014, the parties entered into a stipulation of settlement, which was incorporated, but not merged, into the parties' judgment of divorce dated May 8, 2015. The stipulation and the judgment provided, inter alia, that the father would pay the mother monthly child support.
On August 25, 2017, the father filed a petition for a downward modification of his child support obligation, alleging that there was a substantial change in circumstances in that his business suffered a 70% loss in gross profits. The mother moved to dismiss the petition and for an award of counsel fees. The Support Magistrate denied that branch of the mother's motion which was to dismiss the petition and deferred deciding that branch of the motion which was for an award of counsel fees until the conclusion of the hearing on the father's petition. After the hearing, the Support Magistrate dismissed the father's petition and allowed the mother to file an updated motion for an award of counsel fees.
The mother subsequently moved for an award of counsel fees in the sum of $11,515.50. In an order dated June 20, 2018, the Support Magistrate granted the mother's motion. [*2]The father, acting pro se, filed timely objections to the Support Magistrate's order. In an order dated August 16, 2018, the Family Court granted the father's objections to the extent of reducing the award of counsel fees to the mother from the sum of $11,515.50 to the sum of $7,418.50, and, in effect, otherwise denied the father's objections. Specifically, the court found that the Support Magistrate's determination with respect to counsel fees had a sound and substantial basis, but the father should not be required to pay $3,190 in counsel fees associated with the mother's unsuccessful motion to dismiss the petition, or $907 in counsel fees associated with making the motion for an award of counsel fees. The mother appeals.
Initially, the mother's contention that the Family Court improperly reduced the award of counsel fees for reasons not raised by the father in his objections is unavailing. Affording the father's pro se objections a liberal construction (see Matter of Pollock v Wakefield, 145 AD3d 1274), we find that the father sufficiently raised a challenge to the fees associated with the motion to dismiss.
"A court may allow counsel fees at any stage of a proceeding under Family Court Act article 4" (Matter of Sanchez v Reyes, 174 AD3d 907, 908; see Family Ct Act § 438; Matter of Pacheco v Pacheco, 163 AD3d 576, 576-577). "As with an award of counsel fees made pursuant to Domestic Relations Law § 237(b), the court must base its decision primarily upon both parties' ability to pay, the nature and extent of the services required to deal with the support dispute, and the reasonableness of their performance under the circumstances" (Matter of Pacheco v Pacheco, 163 AD3d at 577; see Matter of Heintzman v Heintzman, 157 AD3d 682, 692; Matter of Westergaard v Westergaard, 106 AD3d 926, 926-927). In addition, the court should review the relative merit of the parties' positions (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Matter of Sanchez v Reyes, 174 AD3d at 908; Matter of Westergaard v Westergaard, 106 AD3d at 926-927).
Contrary to the mother's contention, the Family Court did not improvidently exercise its discretion in disallowing an award of counsel fees for the fees she incurred in making the unsuccessful motion to dismiss the petition, inasmuch as the motion lacked merit and served to increase the mother's counsel fees by prolonging and delaying the support dispute (see Matter of Heintzman v Heintzman, 157 AD3d at 692-693; Daniel v Friedman, 22 AD3d 707, 709; see also Seale v Seale, 154 AD3d 1190, 1198). Accordingly, the court did not improvidently exercise its discretion in reducing the award of counsel fees by $3,190.
However, we disagree with the Family Court's determination not to require the father to pay $907 in counsel fees the mother incurred in making her motion for an award of counsel fees. The court did not provide any explanation for its determination that the father should not be responsible for paying these fees (see Matter of Marion C.W. [Lisa K.], 135 AD3d 777, 779), and based upon the father's conduct of unnecessarily prolonging the litigation, the counsel fees should have been awarded to the mother (see O'Shea v O'Shea, 93 NY2d 187, 193).
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court