## Prospect Capital Corp. v Morgan Lewis & Bockius LLP

2024 NY Slip Op 33322(U)

September 19, 2024

Supreme Court, New York County

Docket Number: Index No. 653941/2022

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 49M

-----------------------------------------------------------------------------X

PROSPECT CAPITAL CORPORATION,

Plaintiff,

- v -

MORGAN LEWIS & BOCKIUS LLP, and MATTHEW
SCHERNECKE

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653941/2022 |
| **MOTION DATE** | 05/09/2024 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 007) 111, 112, 113, 114, 116, 117, 118, 119, 120, 121

were read on this motion to/for _____ DISCOVERY _____.

     This action arises from defendants Morgan Lewis & Bockius LLP and Matthew Schernecke's (defendants together, Morgan Lewis) alleged legal malpractice in negligently depriving plaintiff Prospect Capital Corporation (Prospect) of a cause of action under a "turnover provision" while negotiating a debt subordination agreement on Prospect's behalf. Morgan Lewis now moves by order to show cause to compel production of Prospect's mediation statements, exhibits, and related communications from an underlying federal action related to this malpractice claim. Prospect opposes.

     This issue was originally decided in favor of Morgan Lewis pursuant to two Rule 14 letters and a Rule 14 conference on May 8, 2024 (*see* NYSCEF # 115, Rule 14 Conference Order). Prospect requested the right to appeal the decision, hence the parties were granted leave to make this motion (*see id.*) and were told by this court that the order would be consistent with the conference order (*id.*). However, in its motion, Prospect raised a new argument in its brief which required a reply brief from Morgan Lewis.

     Based on the conference and the analysis below, defendant Morgan Lewis's motion is granted.

653941/2022  PROSPECT CAPITAL CORPORATION vs. MORGAN LEWIS & BOCKIUS LLP ET AL
Motion No.  007

Page 1 of 8

## Background

*Underlying Federal Court Action and Mediation*

The court assumes the parties' familiarity with the background of this case, which was detailed in the prior orders on the motion to dismiss (NYSCEF # 61, MTD Order) and on the subsequent motion to reargue (NYSCEF # 90, Reargument Order of this court). In short, Morgan Lewis represented Prospect in negotiating a debt subordination agreement with Silicon Valley Bank (SVB) and other entities ("the Agreement"). Under the Agreement, SVB, as junior lender to these other entities, would disgorge or "turn over" to Prospect, as senior lender, any payment received from a "Keane Entity" if the Keane Entity repaid SVB's loan before Prospect's loan (the Turnover Provision) (NYSCEF # 2 ¶¶ 5–12). However, Morgan Lewis allegedly failed to flag a revision narrowing the definition of Keane Entity, thus allowing SVB to be repaid in certain circumstances without triggering the Turnover Provision (*id.* ¶¶ 15-22).

A few years later, that is exactly what happened: SVB was eventually repaid before Prospect as part of a process to work out the various loans (Loan Workout Process) (*id.* ¶¶ 28-29). Prospect alleges that Morgan Lewis again erroneously advised Prospect that it could sue SVB under the Turnover Provision. Prospect relied on that advice in making strategic decisions during the Loan Workout Process (*id.* ¶¶ 24-33, 34-37). Prospect ultimately was not fully repaid in the Loan Workout Process, and so Prospect sued SVB in Federal District Court, Southern District of New York pursuant to the Turnover Provision (the Turnover Claim) as well as a more general subordination provision under Section 1 of the contract (Section 1 Claim) (*id.* ¶¶ 38–40). Prospect eventually learned that the Turnover Provision did not apply due to the change Morgan Lewis allegedly missed years earlier, and Prospect was forced to withdraw the Turnover Claim (*id.* ¶¶ 40, 55).

Prospect and SVB mediated the remaining Section 1 Claim before Magistrate Judge Ona T. Wang (*see* NYSCEF # 120, Settlement Conference Scheduling Order of Hon. Ona T. Wang 21-CV-314). At the outset of the mediation, Magistrate Judge Wang ordered the parties to submit *ex parte,* mediation statements outlining their positions (*id.* [Ex Parte Settlement Conference Summary Forms and Letters]). According to the Rule 14 letters at issue here, the mediator used these mediation statements to propose a settlement, which the parties accepted, ending the SVB Litigation. Prospect then brought this action against Morgan Lewis for malpractice due to the loss of the Turnover Claim. Prospect seeks the same $12 million it believes it should have been able to recover in the SVB Litigation.

Morgan Lewis now seeks Prospect's *ex parte* mediation statement in discovery.

*Motion to Dismiss and Reargue*

**653941/2022  PROSPECT CAPITAL CORPORATION vs. MORGAN LEWIS & BOCKIUS LLP ET AL**
**Motion No. 007**

**Page 2 of 8**

2 of 8

Soon after Prospect filed its complaint in this action, Morgan Lewis moved to dismiss the complaint (NYSCEF # 16). The motion was initially granted and the complaint was dismissed on the grounds that the Prospect's settlement severed any causal nexus between Morgan Lewis's negligence and Prospect's damages (NYSCEF # 61, MTD Decision). However, upon Prospect's motion to reargue or alternatively amend the complaint, the court reconsidered and determined that the real harm "flowing from defendants' alleged negligence was Prospect's loss of [the Turnover Claim] cause of action and its distinct remedies, rather than its ability to obtain a more favorable economic result in the SVB Litigation after losing the turnover remedy" (NYSCEF # 90, Reargument Decision, at 6). This court further determined that Prospect's "settlement of the SVB Litigation should not have any bearing on the court's causation analysis at this juncture," but if it were to be considered, it would be for the "reasonable inference that the eventual settlement of the SVB Litigation was effectively compelled by defendants' mistakes" (*id.* at 7). This court therefore granted reargument and, upon reargument, denied the motion to dismiss and reinstated the original complaint (*id.* at 8). Although Prospect had moved in the alternative to file an amended complaint, that amendment was effectively mooted by the court's decision.

*Current Requests for Mediation Statements: Rule 14 and Motion Practice*

The parties are now in discovery. Several months ago, Morgan Lewis filed a Rule 14 letter arguing that Prospect should produce its "mediation statements and other communications submitted in connection with Prospect's efforts to resolve" the SVB Litigation (*see* NYSCEF # 113, Morgan Lewis R 14 Ltr, at 1). Prospect responded that it should not be made to produce the mediation statement because (a) doing so would violate Magistrate Judge Wang's individual rules regarding confidentiality of communications during settlement, and (b) the court should adopt a "mediation privilege" that no court in New York has yet to accept (*see* NYSCEF # 114, Prospect R 14 Ltr).

The court held a Rule 14 conference on May 8, 2024, at which it agreed with Morgan Lewis's position that the mediation statements should be produced. However, Prospect asked for the right to appeal, hence, the parties were granted leave to bring this motion and were advised by this court that the decision would be consistent with the conference order (NYSCEF # 115, May 8 Conference Order). Morgan Lewis then filed an OSC and attached both parties' Rule 14 letters as exhibits (NYSCEF #s 111-114) but did not file a brief in support.

Prospect's opposition brief added a new argument in addition to the two in its letter: the mediation statement is irrelevant because Prospect's claim is about the loss of its cause of action under the Turnover Provision, not the ultimate recovery during the settlement (*see* NYSCEF # 117, Pltf's Opp, at 2, 5-6). Morgan Lewis was later given leave to reply solely to this argument (*see* NYSCEF # 128, Reply).

**653941/2022  PROSPECT CAPITAL CORPORATION vs. MORGAN LEWIS & BOCKIUS LLP ET AL**  **Page 3 of 8**
**Motion No.  007**

[* 3]

3 of 8

Morgan Lewis argued in their Rule 14 letter that the mediation statement is relevant for five purposes:

"(1) the losses Prospect claims it was unable to recover in the SVB Action (and which it now seeks to recover from Defendants here); (2) Prospect's efforts to mitigate those losses during the loan workout process leading up to the SVB Action (which in its Complaint Prospect alleges occurred, see NYSCEF No. 2 (Complaint), ¶¶ 36-38); (3) Prospect's ability to prove causation and damages in the SVB Action (which Prospect now claims it was unable to prove); and (4) the settlement value of the SVB Action and [5] the rationale for it, including whether Prospect settled due to Defendants' alleged negligence (as Prospect alleges in this case) or some unrelated reason."

(NYSCEF # 113, Defts' Letter, at 3).

Prospect, in its opposition brief, groups these reasons under two umbrellas: relevance to Morgan Lewis's "setoff defense" (reasons 1, 2, 4, and 5), and relevance to impeaching Prospect's claims that it could not prove causation in the underlying SVB action (reason 3) (*see* NYSCEF # 117 at 5). Prospect argues that the mediation statement is irrelevant to both umbrellas, in large part because Prospect's claim is about the loss of its Turnover Claim cause of action and not the ultimate recovery during the settlement (*see id.* at 2 ["As the Court has already found, Prospect's damages flow from the loss of its cause of action under Section 5, not Section 1 (the claim which was settled)"]). Regarding setoff, Prospect argues that the only relevant information is the fact that Prospect settled and the value of that settlement, both of which Prospect has already disclosed (*id.* at 5). As for impeachment, Prospect argues that Morgan Lewis makes a "speculative and illogical" argument that the mediation statement will show Prospect "could have settled for more, but against its own interests settled for a lower amount" (*id.* at 6).

Morgan Lewis argues in reply that Prospect takes an "inappropriately narrow" view of what "value" means in this case (NYSCEF # 128, Reply at 4). "Value" should relate not only to the amount that Prospect settled for, but "*why* Prospect settled that claim and whether it was 'forced' to do so because it could not prove causation" (*id.* n. 5 [emphasis in original]). Based on that understanding, Morgan Lewis argues that Prospect's mediation statement is likely to be relevant because it will likely contain information about Prospect's ability to prove causation in the underlying SVB Litigation, which goes to the value of the Section 1 Claim and, by extension, whether that claim was more valuable than the Turnover Claim (*id.* at 4). Morgan Lewis further argues that the mediation statement is likely to contain details about the process to "work out" the relevant loans, including

653941/2022   PROSPECT CAPITAL CORPORATION vs. MORGAN LEWIS & BOCKIUS LLP ET
AL
Motion No.  007

Page 4 of 8

4 of 8

[* 4]

whether Prospect actually was following Morgan Lewis's advice and thus establish a causal chain between negligence and injury (*id.* at 6-7).[1]

Prospect's "speculation" arguments at this discovery phase of the litigation are not apt given that at this point, opposing parties do not know what the other has (*id.* at 7). Also, as Morgan Lewis argues, the cases upon which Prospect relies are inapposite because Morgan Lewis is not trying to prove set-off or apportionment – it is only trying to "assess Prospect's positions and assertions of fact in the underlying litigation" regarding whether the Turnover Claim and the Section 1 had truly different values (*id.* at 8).

## Discussion

*Relevance*

Under CPLR 3101(a), there "shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof by a party" (CPLR 3101 [a] [1]). The words "material and necessary" are "liberally interpreted to require disclosure, upon request, of any facts bearing on a controversy which will assist in sharpening the issue at trial" (*Roman Catholic Church of Good Shepherd v Tempco Sys.*, 202 AD2d 257, 258 [1st Dept 1994]). Disclosure is thus not limited to "evidence directly related to the issues in the pleadings" (*Allen v Crowell-Collier Publishing Co.*, 21 NY2d 403, 408 [1968]). At the same time, "unlimited disclosure is not permitted" (*Harris v Pathmark, Inc.*, 48 AD3d 631, 632 [2d Dept 2008]); *see also* Preamble to Rule 11 of the Commercial Division ["It is important that counsel's discovery requests . . . are both proportional and reasonable in light of the complexity of the case and the amount of proof that is required for the cause of action"]).

The mediation statement is relevant. Prospect's reading of Morgan Lewis's reasons for production is too narrow, in part because Prospect's description of its case is too narrow. The complaint here raises two distinct prongs to the theory of malpractice liability (and arguably two distinct theories): First, Morgan Lewis failed to catch the change to the Turnover Provision when it was negotiated, causing Prospect to lose the Turnover Claim cause of action (NYSCEF # 2 ¶¶ 16-17, 21, 51 [a] – [c]). Second, Morgan Lewis exacerbated this failure by erroneously advising

---

[1] Morgan Lewis also argues that the mediation statement is related to Prospect's claim that it "'passed' on a potential lucrative transaction in favor of pursuing its Turnover Claim" (*id.* at 2). However, those allegations come from the proposed amended complaint filed in support of Prospect's motion to reargue or amend, not the original complaint (*compare* NYSCEF # 2 *with* NYSCEF # 65, Proposed Amended Complaint, ¶ 38; *see also* NYSCEF # 63). Because the court reinstated the original complaint (*see* NYSCEF # 90 at 8), this proposed amended complaint is not operative, and thus its allegations and related arguments are by definition irrelevant. If the parties wish to make the proposed amended complaint operative, the proper course is for the parties to stipulate or for Prospect to move for leave to file it (*see* CPLR 3025 [b]). Until then, Morgan Lewis's argument about passed-on transactions is irrelevant.

653941/2022   PROSPECT CAPITAL CORPORATION vs. MORGAN LEWIS & BOCKIUS LLP ET     Page 5 of 8
AL
Motion No.  007

5 of 8

Prospect during the Loan Workout Process that it could recover under the Turnover Provision, which Prospect relied on in (a) making the strategic decision not to take certain steps to protect itself earlier in the Loan Workout Process; (b) bringing a doomed-from-the-start Turnover Claim in the SVB Litigation; and (c) eventually being forced to settle the remaining Section 1 Claim because Prospect could not prove causation or damages (*id.* ¶¶ 31-41, 51 [d]).

Prospect's mediation statement is relevant to the second prong because it is likely to either verify or challenge the assertion that Prospect could not prove causation or damages for the Section 1 Claim. The mediation statement likely sets out Prospect's position and proposed proof for all elements of the Section 1 Claim. If Prospect was in fact able to prove causation and damages for that claim, then Prospect and SVB may have had other reasons for settling that were unrelated to the loss of the Turnover Claim, potentially cutting off the causal chain between negligence and damages.[2] Moreover, as Morgan Lewis argues in its brief, the mediation statement likely contain facts about what other steps Prospect believed it could have taken in the Loan Workout Process, which also goes towards both causation (if Prospect was not actually relying on Morgan Lewis's advice) and mitigation of damages (*see* NYSCEF # 128 at 6-7).

In other words, Morgan Lewis does not seek the mediation statements merely for a simple monetary "set-off" defense or "impeachment" purposes. It seeks to challenge essential elements of Prospect's case: causation and damages—that Prospect was forced to settle the SVB Litigation because it could not prove causation or damages for the Section 1 Claim but would have won if the Turnover Claim was available. Indeed, the court has already referenced the necessity of this argument (*see* NYSCEF # 90 at 7 ["even if Prospect's settlement is considered in the court's causation analysis, the complaint's allegations . . . support a reasonable inference that the eventual settlement of the SVB Litigation was effectively compelled by defendants' mistakes"] [emphasis added]).

### SDNY Confidentiality "Order"

Prospect next argues that producing the mediation statements would violate an order from Magistrate Judge Wang, thus requiring Prospect to choose between opposing court orders (NYSCEF # 117 at 6-8). Specifically, Magistrate Judge Wang ordered the parties to attend a settlement conference "and comply with the [SDNY] Court's Individual Rules of Practice in Civil Cases § [V]"[3] (NYSCEF # 120, SDNY Order). Magistrate Judge Wang's individual rules relating to settlement conferences states that:

---

[2] For example, SVB may not have had the money to fully repay Prospect—it is well known that SVB collapsed after a bank run in early 2023, barely two years after plaintiff initiated the SVB Litigation (*see* NYSCEF # 57).

[3] The order actually says § VI, but this appears to be a typo for § V, the section applying to settlement conferences (*see* NYSCEF # 121 at 8).

**653941/2022   PROSPECT CAPITAL CORPORATION vs. MORGAN LEWIS & BOCKIUS LLP ET AL**                 **Page 6 of 8**

**Motion No. 007**

"All settlement conferences are 'off the record' and strictly confidential. All communications relating to settlement may not be used in discovery and will not be admissible at trial."

(NYSCEF # 121, Magistrate Judge Wang's Individual Rules, at 8-9). Prospect argues that "[t]here is no limitation on the face of the court's rules that any *ex parte* mediation communications may be used in discovery in *other* cases" (NYSCEF # 117 at 7). Prospect also argues that the Second Circuit regularly requires courts to honor the confidentiality of its own ADR proceedings, and therefore this court should honor the confidentiality mandated in Magistrate Judge Wang's rules (*id.*). Finally, Prospect argues that it did not waive the confidentiality of its mediation statements just by bringing a state court case (*id.* at 8).

Morgan Lewis argues in their Rule 14 letter that Magistrate Judge Wang's rule should not be read to "broadly prevent[] Prospect from disclosing—at the *discovery* stage in a *separate* litigation—mediation statements submitted in that now settled, separate action" (NYSCEF # 113 at 3 [emphasis in original]). Morgan Lewis points to the word "trials" in the rule, claiming this indicates that Magistrate Judge Wang's rule is limited to the action in front of her (the SVB Action) and not every subsequent litigation (*id.*). Morgan Lewis also argues that "it cannot be the case that the magistrate judge's practices can prevent a party from producing *its own mediation statement*" (*id.* [emphasis in original]).

Morgan Lewis has the better reading of Magistrate Judge Wang's rule. While Prospect is correct that there is no facial limitation regarding time or subsequent cases, Magistrate Judge Wang's rule should not be read to impose a blanket ban on use of settlement statements in all courts in all circumstances, to the exclusion of state case law. The reference to "discovery" and "trial" indicates that the rule is meant to be a prophylactic, warning parties that *in the case before Magistrate Judge Wang*, parties cannot use each other's settlement statements to pursue further discovery or as evidence during trial. The rule is more akin to a warning to those parties, not a binding statement on all subsequent courts subject to different procedural rules and laws.

In short, Magistrate Judge Wang's rules—even when referenced in an order—do not bind this court. The mediation statement may be produced.

*Mediation Privilege*

Finally, Prospect asks this court to create a so-called "mediation privilege" to protect documents and statements made during the parties' mediation. Relying on federal case law, Prospect argues that the court should allow disclosure of mediation materials "only upon a showing of "(1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality" (NYSCEF # 117 at 9, quoting *In re Teligent, Inc.*, 640 F3d 53, 58 [2d Cir 2011]).

653941/2022  PROSPECT CAPITAL CORPORATION vs. MORGAN LEWIS & BOCKIUS LLP ET AL                    Page 7 of 8
Motion No. 007

However, New York courts have not recognized a mediation privilege, and there is no reason to do so here. As recently as last year, courts in this state rejected such a privilege because "New York has not adopted the Uniform Mediation Act, and the New York Court of Appeals has not recognized a mediation privilege in New York" (*VXI Lux Holdco S.A R.L. v SIC Holdings, LLC*, 79 Misc 3d 1223(A) [Sup Ct 2023]; *see also Time Warner Cable Enterprises LLC v Nokia of Am. Corp.*, 83 Misc 3d 1254(A) [Sup Ct 2024] [rejecting argument that CPLR 4547 creates a mediation privilege]). Those words remain as true today as they were a year ago; nothing has changed at the statutory or Court of Appeals levels.

Prospect's request to create a mediation privilege is denied. Morgan Lewis's request for Prospect's mediation statement is granted.

## Conclusion

It is therefore,

ORDERED that defendants Morgan Lewis & Bockius, LLP and Matthew Schernecke's motion to compel production of Prospect's mediation statement is granted; and it is further

ORDERED that the next status conference in this matter is scheduled for November 6, 2024, at 10:30 a.m. via Microsoft Teams, or such other time as the parties schedule with the court's clerk.

| 09/19/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | MARGARET A. CHAN, J.S.C. | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

**653941/2022  PROSPECT CAPITAL CORPORATION vs. MORGAN LEWIS & BOCKIUS LLP ET AL**  **Page 8 of 8**
**Motion No. 007**

8 of 8